Argued and submitted February 25, ballot title certified as modified March 26, reconsideration denied April 3, 1992

## John T. NICHOLS,
*Petitioner,*

*v.*

## Phil KEISLING,
*Respondent.*

(SC S38902)

828 P2d 1037

John DiLorenzo, Jr., of O'Connell, Goyak & DiLorenzo, Portland, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

In this original proceeding, petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who timely submitted written comments on the Attorney General's draft ballot title. Therefore, he is entitled to petition this court seeking a different title. ORS 250.085(2).

The Attorney General certified this ballot title to the Secretary of State:

"EXEMPTS LARGE CITIES FROM STATE
CONSTITUTIONAL RIGHT TO BEAR ARMS

"QUESTION: Shall state constitution allow large cities to regulate possession, use of guns, ammunition notwithstanding state constitutional rights, contrary state statutes?

"SUMMARY: Amends state constitution. Permits cities with population over 40,000 to enact laws regulating in any manner the sale, purchase, possession and use of firearms and ammunition within city limits, notwithstanding state constitution's right to bear arms or other state constitutional or statutory provisions. City may not void, reduce or impair state law restrictions or penalties on sale, purchase, possession or use of firearms or ammunition. City ordinance regulating firearms or ammunition may not take effect unless referred to city voters and approved by a majority."

Petitioner asserts that the Summary "fails to summarize the measure's major effect by failing to mention that the measure also allows certain cities to suspend, in particular, other provisions of Oregon's *Bill of Right[s]*." (Emphasis in original.) We have considered petitioner's argument but conclude that the Summary certified by the Attorney General substantially complies with the requirements of ORS 250.035(1)(c) and 250.039. ORS 250.085(4) requires only substantial compliance. *Eaton v. Keisling*, 312 Or 582, 824 P2d 1147 (1992).

However, for the reasons contained in *Blumenauer v. Keisling*, 313 Or 10, 828 P2d 1032 (1992), we certify the following ballot title to the Secretary of State:

"AMENDS CONSTITUTION:
LARGE CITIES MAY, AFTER REFERENDUM,
REGULATE FIREARMS, AMMUNITION.

"QUESTION: Shall state constitution be amended to allow large cities to regulate firearms or ammunition, after referendum, notwithstanding other constitutional provisions?

"SUMMARY: Amends state constitution. Permits cities with population over 40,000 to enact laws regulating in any manner the sale, purchase, possession and use of firearms and ammunition within city limits, notwithstanding state constitution's right to bear arms or other state constitutional or statutory provisions. City may not void, reduce or impair state law restrictions or penalties on sale, purchase, possession or use of firearms or ammunition. City ordinance regulating firearms or ammunition may not take effect unless referred to city voters and approved by a majority."

Ballot title certified as modified.

This decision shall become effective in accordance with ORAP 11.30(10).